IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WANDA J. GARRETT, et al., § <br> § <br> Plaintiffs, § <br> § Civil Action No. 3:12-CV-0012-D <br> VS. § <br> § <br> HSBC BANK USA, N.A., AS TRUSTEE § <br> ON BEHALF OF ACE SECURITIES § <br> CORP. HOME EQUITY LOAN TRUST § <br> AND FOR THE REGISTERED § <br> HOLDERS OF ACE SECURITIES § <br> CORP. HOME EQUITY LOAN TRUST, § <br> SERIES 2004-HE1, ASSET BACKED § <br> PASS-THROUGH CERTIFICATES, § <br> § <br> Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the posting of plaintiffs' residence for foreclosure, defendant moves under Fed. R. Civ. P. 12(c) for judgment on the pleadings. For the reasons that follow, the court grants defendant's motion and allows plaintiffs to replead.

I

This is a suit by plaintiffs Wanda J. Garrett ("Wanda") and Anthony R. Garrett against defendant HSBC Bank USA, N.A., ("HSBC") as trustee. The Garretts assert a claim against HSBC for violation of the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code Ann. § 392.001 *et seq.* (West 2006), and seek a declaratory judgment, damages, and attorney's fees.

According to the Garretts' state-court petition,[1] in August 2003 Wanda obtained a home equity loan from Novastar Mortgage, Inc. ("Novastar") in the amount of $93,000. To secure payment of the note, plaintiffs executed a deed of trust for the benefit of Mortgage Electronic Registration Systems, Inc. ("MERS"), which was acting solely as a nominee of Novastar.

Asserting that it was the owner and holder of the note and deed of trust, HSBC filed an application for expedited foreclosure proceeding in September 2011. According to the Garretts, however, the note and deed of trust were not lawfully and timely indorsed, transferred, and assigned to HSBC. They maintain that HSBC does not have the legal standing or legal right to file an application for expedited foreclosure proceeding against them or to seek a home equity foreclosure order for the property. The Garretts also argue that, at the inception of the loan, the note and security interest were split and separated, with one party holding the note and another holding the security instrument. They therefore contend that the note became unsecured, the party holding the security instrument could not and did not incur a default, and the security interest in the property was forfeited.

HSBC moves for judgment on the pleadings under Rule 12(c). Plaintiffs oppose the motion.

---

[1] "When deciding a Rule 12(c) motion, the court accepts as true all well-pleaded facts in the complaint and views them in the light most favorable to the plaintiff." *Hoffman v. L & M Arts*, 2011 WL 3567419, at *9 (N.D. Tex. Aug. 15, 2011) (Fitzwater, C.J.) (citing *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

II

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "'A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'" *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *See, e.g., Hoffman v. L & M Arts*, 2011 WL 3567419, at *4 (N.D. Tex. Aug. 15, 2011) (Fitzwater, C.J.) (citing *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010)). The court therefore relies below on cases decided under Rule 12(b)(6).

The court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive HSBC's motion, the Garretts must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff[s] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for

more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

### III

The Garretts seek a declaratory judgment[2] that the note and deed of trust were not timely indorsed, transferred, and assigned from Novastar to HSBC; that HSBC is not the owner and holder of the note and deed of trust and the person entitled to enforce the deed of trust; that HSBC does not have legal standing or legal right to foreclose; and that at the time of the inception of plaintiffs' loan, the note and deed of trust were split and separated. HSBC moves for a judgment on the pleadings, arguing that plaintiffs have no standing to contest the assignment, and contending that the note and deed of trust were not split.

### A

Courts in this circuit have repeatedly held that borrowers do not have standing to

---

[2] "When a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Props., LLC v. Holmes Co.*, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.) (citing *i2 Techs. US, Inc. v. Lanell*, 2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002) (Fish, C.J.)).

challenge the assignment of their mortgages because they are not parties to those assignments. *Woods v. Bank of Am., N.A.*, 2012 WL 1344343, at *5 (N.D. Tex. Apr. 17, 2012) (Boyle, J.); *DeFranceschi v. Wells Fargo Bank, N.A.*, ___ F.Supp.2d ___, 2011 WL 3875338, at *5 (N.D. Tex. Aug. 31, 2011) (Means, J.); *Eskridge v. Fed. Home Loan Mortg. Corp.*, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011). But even if the court assumes, at least in the context of this case, that Texas law permits borrowers to challenge the assignment of their mortgages, plaintiffs have failed to plead sufficient facts to state a plausible claim that the note and security instrument were not lawfully and timely indorsed, transferred, and assigned to HSBC. They do not allege who assigned the note and deed of trust to HSBC—i.e., MERS, Novastar, or some other party—and have likewise failed to allege facts that would permit the court to draw the reasonable inference that the assignment was in some respect unlawful. Plaintiffs' conclusory allegations are insufficient to state a plausible claim for relief.

B

The Garretts' "split the note" theory is equally unavailing. They allege that "at the time of the inception of the loan to Plaintiff, the Note and the security interest embodied in the Security Instrument were split and separated, with one party holding the Note and another party holding the Security Instrument." Pet. at 4. But as pleaded in the state-court petition, Novastar, the original lender, was, at the time of the loan's inception, the holder of both the note and the deed of trust. The deed of trust was executed for the benefit of MERS, "acting

*solely as a nominee of* [Novastar],"[3] *id.* at 3-4 (emphasis added), and Novastar, as lender, retained the security interest in the property.  The deed of trust states[4] that it "secures to [*Novastar*]: (i) the repayment of the Extension of Credit, and all extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and Note."  D. App. Ex. A (emphasis added).

To the extent the Garretts intend to argue that the subsequent assignment to HSBC somehow resulted in splitting the deed of trust from the note, this argument has been rejected by courts in this circuit.  *See*, *e.g.*, *Cannon v. JPMorgan Chase Bank, N.A.*, 2011 WL 6838615, at *5 (E.D. Tex. Nov. 16, 2011); *DeFranceschi*, 2011 WL 3875338, at *4; *Eskridge*, 2011 WL 2163989, at *5.  This is because the "transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions."  *Cannon*, 2011 WL 6838615, at *5 (quoting *DeFranceschi*, 2011 WL 3875338, at *4) (internal quotation marks omitted).  Accordingly, the Garretts have failed to plausibly plead that the deed of trust and note were split, rendering any attempted foreclosure defective.

---

[3]The deed of trust states: "[t]he beneficiary of this Security Instrument is MERS (solely as nominee for [Novastar] and [Novastar's] successors and assigns) and the successors and assigns of MERS."  D. App. Ex. A.

[4]HSBC has attached a copy of the deed of trust to its motion.  The court can consider documents attached to a motion for judgment on the pleadings if they are "referred to in the plaintiff[s'] complaint and are central to the plaintiff[s'] claim."  *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)) (addressing Rule 12(b)(6) motion).

IV

The court turns next to plaintiffs' TDCPA claim.  In support of this claim, the Garretts allege that HSBC's "acts, omissions, and conduct described above constitute violations of the [TDCPA], including Tex. Fin. Code Sec. 392.304, because [HSBC] misrepresented the character, extent, or amount of a debt against the Plaintiffs." Pet. at 5.  The Garretts do not plead any facts, however, in support of this claim.  The only action they allege that HSBC has taken is the institution of foreclosure proceedings.  This allegation does not permit the reasonable inference that HSBC made any misrepresentation to plaintiffs.  In other words, the court is unable to discern from plaintiffs' state-court petition how HSBC misrepresented the character, extent, or amount of plaintiffs' debt.  Because plaintiffs have failed to support their TDCPA claim with any facts from which the court can reasonably infer that HSBC violated the Texas Finance Code, the court grants HSBC's motion and dismisses plaintiffs' TDCPA claim.  *Iqbal*, 556 U.S. at 678.

V

Although the court is dismissing plaintiffs' claims, it will permit them to replead.  *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." (internal quotation marks and citation omitted)).  Because plaintiffs have not stated that they cannot, or are unwilling to, cure the defects that the court has

identified, the court grants plaintiffs 30 days from the date this memorandum opinion and order is filed to file an amended complaint.

* * *

For the reasons explained, the court grants HSBC's motion for judgment on the pleadings under Rule 12(c) and grants plaintiffs 30 days from the date this memorandum opinion and order is filed to file an amended complaint.

**SO ORDERED.**

May 11, 2012.

```
_____
SIDNEY A. FITZWATER
CHIEF JUDGE
```